1  JOSHUA G. HAMILTON (SB# 199610)
   joshuahamilton@paulhastings.com
2  TIMOTHY D. REYNOLDS (SB# 274589)
   timothyreynolds@paulhastings.com
3  PAUL HASTINGS LLP
   515 South Flower Street
4  Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
5  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
6

7  Attorneys for Defendant
   DT CREDIT COMPANY, LLC
8

FILED
CLERK, U.S. DISTRICT COURT

SEP - 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11

12  LaTOYA McCALEB and GLORIA        CASE NO. CV13-06444-FMO
    JAMES,                          (JCx)
13
                Plaintiffs,          (County of Los Angeles Superior Court
14                                   Case No. BC515861)
        vs.
15                                   **NOTICE OF REMOVAL OF ACTION
    DT CREDIT COMPANY, LLC, and      PURSUANT TO 28 U.S.C. §§ 1332,
16  DOES 1 through 50, inclusive,    1441 AND 1446 AND THE CLASS
                                     ACTION FAIRNESS ACT**
17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
     CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR
2    ATTORNEYS OF RECORD:

3

4          PLEASE TAKE NOTICE that Defendant DT Credit Company, LLC

5    ("DT Credit"), removes this action from the Superior Court of the State of

6    California for the County of Los Angeles, where it is now pending as Case No. BC

7    515861, to the United States District Court for the Central District of California,

8    pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of

9    2005, Pub. L. 109-2, § 4(a), 119 Stat. 9) and 1441(a). The facts that entitle

10    defendant to so remove are as follows:

11        1.     On or about July 22, 2013, plaintiffs LaToya McCaleb and

12    Gloria James ("Plaintiffs") filed a Complaint in the Superior Court of California for

13    the County of Los Angeles entitled: *La Toya McCaleb and Gloria James v. DT*

14    *Credit Company, LLC et al.*, Case No. BC515861 ("Complaint"). The Complaint,

15    which is attached to the declaration of Timothy Reynolds as Exhibit "A," alleges

16    purported causes of action for (1) violation of the Rees-Levering Automobile Sales

17    Finance Act; (2) violations of California's Unfair Competition Law, Business &

18    Professions Code § 17200 *et seq.*; (3) injunctive relief; and (4) restitution.

19        2.     DT Credit first received notice of this action by service of the

20    summons and complaint on or after August 5, 2008. The Complaint was the first

21    pleading, notice, order or other paper from which it could be ascertained that this

22    action is removable. Accordingly, this Notice of Removal is timely under

23    28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after the receipt

24    by DT Credit of the initial pleading and it is within one year after commencement

25    of the action.

26

27

28

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

## REMOVAL IS PROPER UNDER
## 28 U.S.C. § 1331(d) AND THE CLASS ACTION FAIRNESS ACT

3.    This is a civil action within the original jurisdiction of this Court, and may be removed pursuant to 28 U.S.C. § 1441 and the procedures set forth in 28 U.S.C. § 1446, based on diversity jurisdiction under 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act of 2005, as amended 28 U.S.C. § 1332 ("CAFA").

4.    CAFA provides that a putative class action is removable to federal court if (a) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) any member of a class of plaintiffs is a citizen of a state different from any defendant.

5.    Under CAFA, the Complaint, and each alleged cause of action contained therein, is properly removed as long as the requirements of 28 U.S.C. § 1331(d)(2) and CAFA are met as set forth below.

### A.    This action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(B).

The term "class action" means "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(B). In this action, Plaintiffs allege that they bring this action on "behalf of themselves and all other persons similarly situated" pursuant to California Code of Civil Procedure § 382. (*See* Complaint ("Compl.") ¶ 29.) Plaintiffs' claims for violation of the Rees-Levering Automobile Sales Finance Act ("Rees-Levering"), Cal. Civ. Code § 2981 et seq., and unfair competition under Business and Professions Code Section 17200 *et seq.* are based on allegations that DT Credit sent Notice(s) of Intent to Dispose of Repossessed Vehicle which were defective under Rees-Levering. (*See* Compl. ¶¶

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

1, 9, 10, 14.) Plaintiffs seek to represent a class of all persons "(a) who purchased a motor vehicle and, as part of that transaction entered into an agreement subject to [Rees-Levering]; (b) whose motor vehicle was repossessed or voluntarily surrendered; (c) who was issued a Notice of Intent to Dispose of Repossessed or Surrendered Motor Vehicle ("NOI") by DT Credit; and (d) against whose account a deficiency balance was assessed at any time during the four years preceding the filing of this action through the date of judgment in this case." (Compl. ¶ 31.) Accordingly, Plaintiffs seek to represent a class of persons pursuant to California state rules, and this action is a class action within the meaning of 28 U.S.C. § 1332(d)(B).

### B.   Plaintiffs' alleged putative class exceeds 100.

While DT Credit disputes that any of Plaintiffs' claims have merit or that this action is appropriate for class treatment, Plaintiffs nevertheless allege that the potential members of the class consists of "hundreds, if not thousands of members . . ." (*See* Compl. 30.) Therefore, if this action is determined to be appropriate for class treatment, the number of proposed class members exceeds 100.

### C.   CAFA's minimal diversity of citizenship requirement is met.

#### 1.   Plaintiff is a citizen of California.

28 U.S.C. § 1331(d)(2)(A) requires that any "member of a class of plaintiffs is a citizen of a state different from any defendant." Plaintiffs are citizens of California because they are domiciled in California.[1] Plaintiffs allege that at all relevant times they were, and currently are, residents of the State of California and

---

[1] For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person is domiciled where she has established a fixed residence and intends to stay there. *Id.* at 749-50. The intent to be domiciled is determined through a number of objective factors including residence, driver's license, vehicle registration, location of personal and real property, and any other indicia of intent stay in the State. Id. at 750.

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

1  the County of Los Angeles.[2]  (*See* Compl. ¶¶ 2, 3.)  Plaintiffs signed the installment

2  sales contract on February 7, 2008 and state their address in the installment contract

3  in Inglewood, CA 90305.  (*See* Compl., Exhibit A.)  Plaintiffs further agreed to

4  notify DT Credit if their address were to change at any point during the duration of

5  the installment contract.  (*See* Compl., Exhibit A.)  Additionally, Plaintiffs'

6  telephone number provided on the installment contract bears a Los Angeles,

7  California area code, (*See id.*), and Plaintiffs' automobile – Plaintiffs' personal

8  property – was repossessed in California.  (*See* Declaration of Jon Ehlinger

9  ("Ehlinger Decl.") at ¶ 5.)  In short, Plaintiffs lived at the same address in

10  Inglewood California from 2008 through mailing of the NOI on or about April 8,

11  2013, maintained a California telephone number, and kept their personal property in

12  the State.[3]  Accordingly, Plaintiffs are domiciled in California and are therefore

13  citizens of California for purposes of 28 U.S.C. § 1331(d).

14  **2.**   **DT Credit is a citizen of Arizona.**

15  DT Credit is the only defendant in this action and is a wholly owned

16  subsidiary of DT Acceptance Corporation ("DT Acceptance").  (*See* Ehlinger Decl.

17  at ¶ 3.)  DT Acceptance is an Arizona corporation with its principal place of

18  business in Arizona.  (*See id.* at ¶ 2); *see also* 28 U.S.C. § 1332(c)(1) ("[a]

19  corporation shall be deemed to be a citizen of any State by which it has been

20  incorporated and of the State where it has its principal place of business"); *Johnson*

21  *v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006) (LLC's

22  have the citizenship of their owners).[4]  Accordingly, DT Credit is a citizen of

23  Arizona.

---

[2] An individual's residence is prima facie evidence of citizenship. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

[3] Plaintiffs admit they received the NOI at issue in this matter and the NOI was mailed to Ms. McCaleb and Ms. James at the address provided on the installment sales contract. (*See* Compl. at ¶¶ 10, 21, and Exhibits A and B.)

[4] DT Credit is informed and believes that DOES 1 through 10 are defendants sued under fictitious names and have not as yet been served.

3.     **None of the exceptions described in 28 U.S.C. §§ 1332(d) are applicable.**

There are four exceptions under CAFA.  *See* 28 U.S.C. § 1332(d)(3) (Defendants home state); § 1332(d)(4) (local controversy); § 1332(d)(5) (civil rights exception); and § 1332(d)(9) (Delaware carve out).  None apply to this action.  The exceptions for "home state" or "local controversy" are only applicable if the primary or significant defendant "is a citizen of the State in which the action was originally filed." *See* 28 U.S.C. §1332(d)(4)(A)(i)(II)(cc); *See also* 28 U.S.C. § 1332(d)(4)(B); and 28 U.S.C. § 1332(d)(3).[5]  Here, because DT Credit is a citizen of Arizona and this action was filed in California State Court, the exceptions do not apply.

**D.     The aggregate amount in controversy exceeds $5,000,000.**

28 U.S.C. § 1332(d)(2) requires that the aggregate amount in controversy exceeds the sum or value of $5,000,000.  *See also* 28 U.S.C. § 1332(d)(6) ("the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.")  Here, the amount in controversy far exceeds $5,000,000.

Plaintiff seeks compensatory damages, restitution, injunctive and declaratory relief, and an award for attorneys' fees. (*See* Prayer for Relief ¶¶ 1-10.)  The requirement under CAFA that the amount in controversy exceed $5,000,000 in the aggregate may be established from the viewpoint of any party "regardless of the type of relief sought." *See* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S.Rep. No. 109-14, at 40 (Feb. 28, 2005).

The putative class alleged in the Complaint consists of "at least hundreds, if not thousands of members . . ." whose motor vehicle was repossessed,

---

[5] Likewise, this action does not involve a covered security, the internal affairs of a corporation, or fiduciary duties, nor does it involve a states sovereign immunity defenses. *See* 28 U.S.C. §§ 1332(d)(5), (9).  Therefore, the Delaware carve out and civil rights exception do not apply.

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

1   was issued an NOI, and whose account was assessed a deficiency balance.  (*See*

2   Compl. ¶¶ 30, 31.)

3      Over the four years Plaintiffs allege, there are thousands of purported

4   class members with a total aggregate deficiency in excess of $5,000,000.  (*See*

5   Ehlinger Decl. at ¶ 7); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th

6   Cir. 2005) ("When the amount in controversy is not apparent from the face of the

7   Complaint, the court may also consider post-removal submissions.")  The threshold

8   is met because, over the four years alleged in the Complaint, DT Credit has

9   repossessed collateral from several thousand debtors in California who financed a

10  motor vehicle with DT Credit, but failed to comply with their contractual

11  obligations.  (Ehlinger Decl. at ¶ 7.)  These several thousand California debtors

12  were assessed deficiency balances totaling approximately $60,000,000.  (*Id.* at ¶ 7.)

13  Plaintiffs' complaint requests that this debt be extinguished.  (Compl., ¶ 21(b) & (c)

14  (alleging that because DT Credit's NOI fails to comply with statute, putative class

15  members are not required to pay deficiency balances); ¶ 31 (complaint is on behalf

16  of those individuals "whose account a deficiency balance was assessed at any time

17  during the four years preceding the filing"); ¶ 34 (d) (class allegations include

18  whether DT Credit "misrepresented to borrowers that they were liable for

19  deficiency balances when there was no obligation to pay such amounts, and falsely

20  reported deficiencies as valid debs to credit reporting organizations"); *see also*

21  Compl., Prayer for Relief ¶¶ 1-10.)  Given the size and scope of the class alleged in

22  the Complaint, the aggregate monetary, injunctive, and declaratory relief sought

23  well exceeds $5,000,000.

24     6. Attached to the Declaration of Timothy Reynolds as Exhibit "A"

25  is a true and correct copy of all documents filed in this matter in the Superior Court

26  of the State of California, County of Los Angeles, including the Complaint, served

27  on August 5, 2013, and other documents served on DT Credit, in this civil action

28  currently pending in Los Angeles Superior Court.

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

1          WHEREFORE, DT Credit prays that the above action now pending

2    against it in the Superior Court of the State of California, County of Los Angeles,

3    be removed to this Court.

4    DATED:  September 3, 2013     JOSHUA G. HAMILTON

5                                          TIMOTHY D. REYNOLDS
                                           PAUL HASTINGS  LLP

6

7                                      By:
                                                   Joshua G. Hamilton

8                                      Attorneys for Defendant
                                       DT  Credit Company, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT

EXHIBIT A

A6029
90305

1
2  KEMNITZER, BARRON & KRIEG, LLP
   BRYAN KEMNITZER          Bar No. 066401
3  KRISTIN KEMNITZER        Bar No. 278946
   445 Bush St., 6th Floor
4  San Francisco, CA 94108
   Telephone: (415) 632-1900
5  Facsimile: (415) 632-1901
   bryan@kbklegal.com
6  kristin@kbklegal.com

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 22 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
       Cristina Grijalva

7  Attorneys for Plaintiffs LaTOYA McCALEB and GLORIA JAMES and the proposed class

8

9

10   D311 Shepard Wiley Jr

11      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12      IN AND FOR THE COUNTY OF LOS ANGELES -- CENTRAL DISTRICT

13

14  LaTOYA McCALEB and GLORIA JAMES        Case No. **BC515861**

15                Plaintiffs              **CLASS ACTION**

16        vs.                            **COMPLAINT FOR INJUNCTIVE**
                                         **RELIEF, RESTITUTION, AND**
17  DT CREDIT COMPANY, LLC; and DOES 1   **DAMAGES FOR VIOLATIONS OF THE**
    through 50, inclusive                **REES-LEVERING AUTOMOBILE**
18                                       **SALES FINANCE ACT, CIVIL CODE**
                Defendants               **§2981 *ET SEQ.*, AND THE UNFAIR**
19                                       **COMPETITION LAW, BUSINESS AND**
                                         **PROFESSIONS CODE §17200 *ET SEQ.***
20

21                                       Unlimited Civil Case

22                                       JURY TRIAL DEMANDED

23  _____/

24      Plaintiffs LaTOYA McCALEB and GLORIA JAMES, individually and on behalf of all

25  others similarly situated, hereby complain against Defendants DT CREDIT COMPANY, LLC

26  and DOES 1 through 50, and on information and belief, allege as follows:

27              **PRELIMINARY STATEMENT**

28      1.      Plaintiffs bring this class action under the Unfair Competition Law (Business &

*By Fax*

RECEIVED:
DATE PAID: 07/22/13
PAYMENT:
CHECK: $435.00
CASH:
CREDIT CARD:

CCNH:987070066
LIT/CASE:
LEA/DEF#:
BC515861

$435.00
$0.00
$0.00
$0.00

PM
310

Professions Code §17200 *et seq.*), the Rees-Levering Automobile Sales Finance Act, Civil Code §2981 *et seq.* (hereinafter "Rees-Levering Act"), and other applicable laws, to challenge the unlawful, unfair, and deceptive practices of Defendant DT CREDIT COMPANY, LLC following repossession of motor vehicles from California consumers. In particular, DT CREDIT COMPANY, LLC fails to provide borrowers under conditional sales contracts with statutorily-mandated notice of their legal rights and obligations after repossession of vehicles; wrongfully deprives consumers of their right to reinstate or redeem their conditional sales contracts after repossession; negligently and/or fraudulently misrepresents the rights and obligations of the parties following repossession; collects, or seeks to collect, deficiencies from borrowers following repossession for which borrowers are not liable as a matter of law; seeks and obtains deficiency judgments knowing that such judgments are unlawful; and unlawfully and falsely reports borrowers' deficiency balances to credit reporting agencies as past due debts when collection of said amounts is in fact unlawful. Plaintiffs seek appropriate relief for themselves and the class, as well as attorneys' fees, costs, and expenses.

## PARTIES

2.     Plaintiff LaTOYA McCALEB is an individual over the age of 18 years of age. At all times relevant herein, LaTOYA McCALEB was, and currently is, a resident of the State of California and the County of Los Angeles.

3.     Plaintiff GLORIA JAMES is an individual over the age of 18 years of age. At all times relevant herein, GLORIA JAMES was, and currently is, a resident of the State of California and the County of Los Angeles.

4.     Defendant DT CREDIT COMPANY, LLC is a corporatation which, at all times relevant herein, was conducting business in the State of California and in Los Angeles County. DT CREDIT COMPANY, LLC is engaged in the business of providing financial services, including credit for the purchase and sale of automobiles under conditional sale contracts.

## DOE DEFENDANTS

5.     Defendants DOES 1 through 50 are persons or entities whose true names and capacities are presently unknown to Plaintiffs and who therefore are sued by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein below, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiffs. Plaintiffs will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendant when ascertained.

## AGENCY

6.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, each Defendant, whether actually or fictitiously named, was the principal, agent (actual or ostensible), or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. In acting as such principal or within the course and scope of such employment and agency, each Defendant took some part in the acts and omission hereinafter set forth, by reason of which each Defendant is liable to Plaintiffs and to the members of the class for the relief prayed for herein.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over Plaintiffs' claims because Plaintiffs are residents of California, and DT CREDIT COMPANY, LLC is qualified to do business in California and regularly conducts business in California.

8.     Venue is proper in this judicial district and the County of Los Angeles because all or some portion of Plaintiffs' claims arose in Los Angeles County. Defendant DT CREDIT COMPANY, LLC conducts business in Los Angeles County. DT CREDIT COMPANY, LLC has not designated with the California Secretary of State a principal place of business within the State of California pursuant to Corporations Code §2105(a)(3). Accordingly, Defendant DT

CREDIT COMPANY, LLC can be sued in any county in the state of California, including Los Angeles County.

## OPERATIVE FACTS

### The Purchase and Repossession of The Vehicle

9.     Plaintiffs purchased a used 2006 Chevrolet Impala, VIN 2G1WB58K469198144, on or around February 7, 2008 from Drivetime, an auto dealer, in Torrance, California. The dealer arranged the financing for the purchase, and assigned the conditional sale contract to Defendant DT CREDIT COMPANY, LLC. Plaintiffs were to make 117 payments in the amount of $197.25 which were to be paid at an interest rate of 15.867%. The conditional sale contract (a "Form Agreement") is regulated by the Rees-Levering Automobile Sales Finance Act, and provided that the holder of the contract is subject to all claims and defenses that the consumer could assert against the seller (**Exhibit A**).

10.     On or around April 8, 2013, DT CREDIT COMPANY repossessed the subject vehicle, and mailed a written notice to Plaintiffs that stated that their vehicle had been repossessed and would be sold unless they reinstated the contract or redeemed the vehicle ("Statutory Notice") (**Exhibit B**). However, Plaintiffs' Statutory Notice did not contain several of the disclosures mandated by Civil Code §§2983.2(a)(1)-(a)(9).

11.     On or about April 19, 2013, Plaintiff McCALEB attempted to contact DT CREDIT COMPANY in order to determine the amount Plaintiffs owed in order to redeem the subject vehicle or reinstate the contract. Plaintiff spoke to a representative who told her that in order to redeem the vehicle, she would have to pay $3,531.32 in unpaid contract balance, $425.00 for the recovery of the vehicle, and a $565.00 impound fee. The representative also told Plaintiff McCALEB that she would have to pay storage fees to the auction house holding the subject vehicle, but the representative was unable to tell what these fees were.

12.     These amounts that the DT CREDIT COMPANY told Plaintiff over the phone are

4

different than those listed on the April 10, 2013 NOI.

13.     Plaintiffs were unable to recover the subject vhicle.  DT CREDIT COMPANY. then sold Plaintiffs' vehicle.

14.     Plaintiffs have suffered injury in fact and have lost money or property as a result of the unlawful, unfair, and fraudulent acts and practices of Defendant DT CREDIT COMPANY, LLC challenged herein. Specifically, due to DT CREDIT COMPANY, LLC unlawful repossession practices, Plaintiffs' credit has been damaged, and Plaintiffs have lost use of the vehicle. Plaintiffs' lost money and property includes, but is not limited to expenses incurred in attempting to recover the property, and postage, phone call charges, and transportation incurred in attempting to recover the property.

## The Rees-Levering Act

15.     Plaintiffs' right to a particularized notice after repossession is established by the provisions of the Rees-Levering Act.  The Rees-Levering Act regulates the repossession and disposition of motor vehicles financed under conditional sale contracts in California, and, among other provisions, imposes strict requirements upon entities, such as Defendant DT CREDIT COMPANY, LLC following a repossession.

16.     In order to protect consumers' valuable property interests in financed vehicles, and afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory right to redemption or reinstatement, the Rees-Levering Act requires that prior to the sale of the vehicle a detailed Statutory Notice must be given to the buyer following repossession. Civil Code §2983.2(a) specifies the precise information and disclosures that must be included in the Statutory Notice in order to comply with the law.

17.     Absent strict compliance with the mandatory requirements for the Statutory Notice, no one may lawfully collect any deficiency from any person liable under a Form Agreement following disposition of the repossessed vehicle.  The Rees-Levering Act specifically

provides that those persons "shall be liable for any deficiency only if the notice prescribed" contains "all" of the disclosures mandated by the statute.  Civil Code §2982.2(a) (emphasis added).

18.    The Rees-Levering Act further specifies that "no deficiency judgment shall lie in any event" against a person otherwise liable under a Form Agreement after the repossession and disposition of a vehicle unless a court has determined, upon affidavit, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act. Civil Code §2983.8.

19.    The Form Agreement executed by Plaintiffs also contains a contractual promise and representation that the holder will not dispose of the financed vehicle after a repossession without first giving the borrower the notice "provided by law."  As a result of this provision, Defendant contractually agreed to issue the Statutory Notice complying with the law in effect at the time of any repossession.

20.    The Statutory Notice that Defendant DT CREDIT COMPANY, LLC issued Plaintiffs following the repossession of their vehicle was materially defective and incomplete, and failed to inform Plaintiffs of all of their legal rights and obligations.  An annotated copy of the NOI laying out the violations is attached as **Exhibit C.**

21.    Specifically, the Statutory Notices sent by DT CREDIT COMPANY, LLC fails to comply with the strict requirements of the Rees-Levering Act for the reasons set forth below.

(a)    **Violation of Civil Code §2983.2(a)(1), Regarding the Consumer's Right to Redeem the Vehicle.**

Persons liable under Form Agreements owe deficiency balances only if the Statutory Notice "[s]ets forth that those persons shall have a right to redeem the motor vehicle by paying in full the indebtedness evidenced by the contract until the expiration of 15 days from the date of giving or mailing the notice and provides an itemization of the contract balance and of any

delinquency, collection or repossession costs and fees and sets forth the computation or estimate of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice."

The DT CREDIT COMPANY, LLC NOI fails to comply with the requirements of this provision because it:

i.   Fails to disclose a $565.00 impound fee.
ii.  Fails to set forth an itemization of the contract balance. The NOI sets forth a lump sum for the contract balance but fails to itemize the accrued interest.
iii. Fails to set forth interest that has accrued as of the date of the notice.
iv.  Fails to set forth storage fees of $5 per day due to Manheim Southern California.
v.   Fails to set forth any additional fees for repairs due to Manheim Southern California.
vi.  Fails to state that payments to Manheim Southern California must be made by money order or cashier's check and not cash or personal check.

Due to the above failures, the consumer cannot ascertain how much to pay at any point during the redemption period or the extension thereof in order to redeem the vehicle.

**(b)   Violation of Civil Code §2983.2(a)(2), Regarding the Consumer's Right to Reinstate the Contract.**

Persons liable under Form Agreements owe deficiency balances only if the Statutory Notice "[s]tates either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto or that there is no right of reinstatement and provides a statement or reasons therefore."

The DT CREDIT COMPANY, LLC NOI fails to comply with the requirements of this provision because it:

i.   Fails to disclose a $565.00 impound fee.
ii.  Fails to set forth an itemization of the contract balance. The NOI sets forth a lump sum for the contract balance but fails to itemize the accrued interest.
iii. Fails to set forth storage fees of $5 per day due to Manheim Southern California.
iv.  Fails to state that payments to Manheim Southern California must be made by money order or cashier's check and not cash or personal check.
v.   Fails to set forth additional repair fees due to Manheim Southern California.
vi.  Requires the consumer to provide proof of insurance as a condition precedent to reinstatement. Providing proof of insurance may only be a condition precedent to reinstatement "[w]here the default is the result of the buyer's failure to keep and maintain insurance on the motor vehicle." §2983.3(d)(3). Here, the default is due to the buyer's

-7-

failure to make payments due on the vehicle, not a failure to maintain insurance. As such, requiring proof of insurance as a condition precedent to reinstatement is prohibited under the Rees Levering Automobile Sales Finance Act.

"[I]n requiring creditors to state 'all the conditions precedent' to reinstatement, the Legislature intended that creditors provide sufficient information to defaulting buyers to enable them to determine precisely what they must do in order to reinstate their contracts." *Juarez v. Arcadia Financial, Ltd.* (2007) 152 Cal.App.4th 889, 899. The DT CREDIT COMPANY, LLC NOI fails to do this and thus violates Civil Code §2983.2(a)(2) because it requires the consumer to make further inquiry as opposed to setting forth the exact amount needed to reinstate on any particular day.

(c)   **Violation of Civil Code §2983.2(a)(3), Regarding the Means by Which a Consumer May Request an Extension of the Redemption and Reinstatement Periods.**

Persons liable under Form Agreements owe deficiency balances only if the Statutory Notice "[s]tates that, upon written request, the seller or holder shall extend for an additional 10 days the redemption period or, if entitled to the conditional right of reinstatement, both the redemption and reinstatement periods. The seller or holder shall provide the proper form for applying for the extensions with the substance of the form being limited to the extension request, spaces for the requesting party to sign and date the form, and instructions that it must be personally served or sent by certified or registered mail, return receipt requested, to a person or office and address designated by the seller or holder and received before the expiration of the initial redemption and reinstatement periods."

The DT CREDIT COMPANY, LLC NOI states the following: "You may obtain an additional 10 day extension to this time and the sale date if you make a written request personally served or sent by certified or registered mail, return receipt requested, to our office shown above before the expiration of the initial redemption period. The form to complete for this request is included with this mailing." However, the form to request the 10 day extension was

not included with the NOI. The DT CREDIT COMPANY, LLC NOI accordingly violates §2983.2(a)(3). The NOI fails to provide a ten day extension form for the owner to submit, and therefore gives the owner no way to request the ten day extension. Therefore, DT CREDIT COMPANY, LLC effectively denies the owner the right to request a ten day extension.

(d)   **Violation of Civil Code §2983.2(a)(5), Pertaining to the Name and Address of the Person or Office to Whom Payment Shall be Made.**

Persons liable under Form Agreements owe deficiency balances only if the Statutory Notice, "[d]esignates the name and address of the person or office to whom payment shall be made." The DT CREDIT COMPANY, LLC NOI does not contain this information. It does not provide an address where payment shall be made. Accordingly, the NOI violates Civil Code §2983.2(a)(5).

22.    The Statutory Notice also violates other provisions of Civil Code §2983.2(a) not detailed herein.

23.    Plaintiffs are informed and believe and on that basis allege, that the defective and improper Statutory Notices Defendant DT CREDIT COMPANY, LLC issued were standard form notices sent by DT CREDIT COMPANY, LLC, at least from four years preceding the filing of this action, and continuing thereafter, as a common practice and procedure to numerous other California borrowers liable to DT CREDIT COMPANY, LLC whose vehicles were repossessed.

24.    The defective and improper Statutory Notices issued to Plaintiffs and members of the class purportedly pursuant to Civil Code §2983.2, deprived them of statutorily-mandated notice, are standard notices sent by DT CREDIT COMPANY, LLC as a practice and procedure common to all persons who are liable to it under conditional sale contracts and whose vehicles are repossessed.

25.    Plaintiffs are informed and believe and on that basis allege that, notwithstanding

DT CREDIT COMPANY, LLC's failure to comply with the mandatory Statutory Notice requirements of the Rees-Levering Act, DT CREDIT COMPANY, LLC has assessed, demanded, attempted to collect, and collected deficiency balances from borrowers, including from Plaintiffs, for which the borrowers were not liable as a matter of law and which DT CREDIT COMPANY, LLC has no legal right to demand or to collect.

26.     In the four years preceding the filing of this action, and continuing thereafter, Defendant has made unlawful collection demands to Plaintiffs and other California borrowers, have falsely represented to such borrowers that deficiency balances were owed, have collected thousands of dollars from such borrowers to which it was not entitled, and have threatened to sue, and have sued, borrowers who did not owe any deficiency as a matter of law.

27.     At all relevant times, Defendant has had actual and/or constructive knowledge that such borrowers were not liable for any deficiency balance as a matter of law as a result of its failure to comply with the Rees-Levering Act, but has nevertheless persisted in its unlawful collection activity.

28.     Plaintiffs are informed and believe and thereon allege that Defendant and/or its agents regularly report or communicate to consumer credit reporting organizations that purported deficiencies following disposition of vehicles pursuant to the unlawful practices described herein are valid debts when, in fact, Plaintiffs and other similarly situated persons are not liable for deficiencies as a matter of law. At all relevant times Defendant has had actual and constructive knowledge that such persons are not liable for deficiencies.

## CLASS ACTION ALLEGATIONS

29.     Pursuant to California Code of Civil Procedure §382, Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated. Plaintiffs bring this action in a representative capacity to remedy the ongoing unlawful, unfair, and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have

-10-

been affected thereby.

30.   Plaintiffs are unable to state the precise number of potential members of the proposed class because that information is in the possession of Defendant.  It consists of at least hundreds, if not thousands of members, and is so numerous that joinder of all members would be impracticable.  The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of Defendant.

31.   The class on whose behalf this Complaint is brought is composed of all persons:

(a)   who purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*;

(b)   whose motor vehicle was repossessed or voluntarily surrendered;

(c)   who was issued an NOI by DT CREDIT COMPANY, LLC; and

(d)   against whose account a deficiency balance was assessed at any time during the four years preceding the filing of this action through the date of judgment in this case.

32.   The Class Definition is subject to such further definition, limitations and exclusions as may be ordered by the Court.

33.   There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members.  Proof of a common set of facts will establish the liability of Defendant, and the right of each member of the class to recover.

34.   The common questions which predominate include, *inter alia*:

(a)   whether DT CREDIT COMPANY, LLC failed to provide to individuals whose motor vehicles were repossessed a Statutory Notice containing all of the disclosures required by the Rees-Levering Act;

11

(b)      whether such conduct constituted a breach of contract;

(c)      whether Defendant collected, or has attempted to collect, deficiency balances from members of the proposed class that they had no legal right to obtain or attempt to collect;

(d)      whether Defendant negligently and/or fraudulently misrepresented to borrowers that they were liable for deficiency balances when there was no obligation to pay such amounts, and falsely reported deficiencies as valid debts to credit reporting organizations;

(e)      and whether Defendant has, through false or misleading representations to the courts of this State obtained judgments in violation of Civil Code §2983.8.

35.      Proof of a common set of facts will establish Defendant's liability and the right of each class member to recover.

36.      Plaintiffs' claims are typical of those of the class which they represent, and they will fairly and adequately represent the interests of the class. Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

37.      A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendant, and would establish incompatible standards of conduct.

38.      The claims asserted by Plaintiffs will be governed by the laws of the State of California and the injuries resulting from Defendant's conduct were incurred in California.

## FIRST CAUSE OF ACTION

**(Violations of the Rees-Levering Automobiles Sales Finance Act, Civil Code §2981, *et seq.*)**
**(Against All Defendants)**

39.     Plaintiffs reallege and incorporate herein by reference the allegation in each and every paragraph above.

40.     As is hereinabove alleged, the Rees-Levering Act regulates automobile sale and financing transactions for motor vehicles purchased primarily for personal or family purposes. The conditional sale contract entered into by Plaintiffs is subject to and governed by the provisions of the Rees-Levering Act. Defendant is or was a "seller" or "holder" of said contracts as those terms are used in the statute.

41.     As is hereinabove alleged, Defendant has engaged and is engaged in ongoing material violations of the Rees-Levering Act in that the Statutory Notices provided to Plaintiffs and the class, ostensibly pursuant to Civil Code §2983.2(a), did not contain the statutorily-mandated disclosures and information required by Civil Code §2983.2(a). DT CREDIT COMPANY, LLC thus deprived Plaintiffs and the class of substantial rights granted them under the Rees-Levering Act, including the right to make an informed decision about whether to redeem/reinstate their contracts. In addition, because DT CREDIT COMPANY, LLC has failed to provide Plaintiffs and the class with all of the information and disclosures to which they were entitled under Civil Code §2983.2(a), Plaintiffs and the class are not liable, under the explicit terms of §§2983.2(a) and 2983.8 of the Rees-Levering Act, for any deficiency following the disposition of their repossessed motor vehicles. Nevertheless, without any legal right to do so, Defendant maintains that Plaintiffs and the class owe them for deficiency balances and have collected or attempted to collect such deficiency balances.

42.     As is hereinabove alleged, Defendant has engaged and is engaged in ongoing material violations of the Rees-Levering Act in that Defendant improperly denied Plaintiffs and the class of their right to redeem their contracts, in violation of Civil Code §2983.2(a) and

§2983.3(b).

43.    As a direct and proximate result of the acts hereinabove alleged and Defendant's ongoing unlawful conduct, Plaintiffs and the class have been damaged in an amount to be proven at trial.

44.    Plaintiffs seek recovery of their attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Violations of Business and Professions Code §17200, *et seq.*)
### (Against All Defendants)

45.    Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

46.    Plaintiffs file this cause of action individually, and on behalf of the general public and as a class action, to challenge and to remedy Defendant's business practices.  Business and Professions Code §17200, *et seq.*, often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL provides that a court may order injunctive relief and restitution to affected individuals as remedies for any violations of the UCL.

47.    Beginning on an exact date unknown to Plaintiffs, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, Defendant has committed acts of unfair competition proscribed by the UCL, including the practices alleged herein.  The acts of unfair competition include the following:

(a)    DT CREDIT COMPANY, LLC violated and continues to violate the provisions of Civil Code §2983.2(a) with respect to members of the class by failing to send them Statutory Notices that contained the disclosures mandated by that section;

(b)    DT CREDIT COMPANY, LLC breached and continues to breach the terms of its

uniform conditional sales contracts with class members by breaking its twin promises in the Form Agreements to (1) "provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle," and (2) "If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract."

(c)     Defendant negligently misrepresented and continues to misrepresent orally to members of the class issued defective Statutory Notices that they are obligated to pay deficiency balances;

(d)     Defendant fraudulently misrepresented and continues to misrepresent orally to members of the class issued defective Statutory Notices that they are obligated to pay deficiency balances;

(e)     Defendant negligently misrepresented and continues to misrepresent in writing to members of the class sent defective Statutory Notices that they are obligated to pay deficiency balances;

(f)     Defendant fraudulently misrepresented and continues to misrepresent in writing to members of the class sent defective Statutory Notices that they are obligated to pay deficiency balances;

(g)     Defendant actively concealed and continues to conceal its unlawful activity from members of the class sent defective Statutory Notices;

(h)     Defendant unlawfully, unfairly, and/or fraudulently carried and continues to carry on its account records deficiency balances of members of the class issued defective Statutory Notices as amounts lawfully due and owing;

(i)     Defendant unlawfully, unfairly, and/or fraudulently reported and continues to report to credit reporting agencies the deficiency balances allegedly owed by members of the class issued defective Statutory Notices as amounts lawfully due and owing;

(j)    Defendant unlawfully, unfairly, and/or fraudulently reported and continues to report to other third parties deficiency balances allegedly owed by members of the class issued defective Statutory Notices as amounts lawfully due and owing;

(k)    Defendant unlawfully, unfairly, and/or fraudulently collected and continues to collect deficiency balances from members of the class sent defective Statutory Notices;

(l)    Defendant unlawfully, unfairly, and/or fraudulently filed and continues to file lawsuits against members of the class issued defective Statutory Notices in order to collect deficiency balances; and

(m)    Defendant unlawfully, unfairly, and/or fraudulently misrepresented and continues to misrepresent their compliance with the provisions of Civil Code §2983.2 to courts throughout the State of California and conceal its violations of the law.

48.    The business acts and practices of Defendant as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*, and constitute systematic breaches of contracts and constitute violations of the common law.

49.    The business acts and practices of Defendant, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.  Said acts and practices have no utility that outweighs their substantial harm to consumers.

50.    The business acts and practices of Defendant, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

51.    The unlawful, unfair, and fraudulent business acts and practices of Defendant described herein present a continuing threat to Plaintiffs and members of the class in that

16
Complaint for Injunctive Relief, Restitution and Damages

Defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

52.   As a direct and proximate result of the acts and practices described herein, Defendant has received and collected substantial monies or property from Plaintiffs and members of the class to which they are not entitled.  Plaintiffs have suffered injury in fact and have lost money and/or property due to the unlawful, unfair, and fraudulent acts and practices of Defendant challenged herein.

53.   Pursuant to Business and Professions Code §17203, Plaintiffs seek an order enjoining Defendant from engaging in such acts and practices as hereinabove alleged, and providing appropriate restitution to Plaintiffs and the members of the class.

54.   In addition, pursuant to Code of Civil Procedure §1021.5, Plaintiffs seek recovery of attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1.   For an order certifying the case as a class action;

2.   For an order finding and declaring that Defendant DT CREDIT COMPANY, LLC's acts and practices as challenged herein are unlawful, unfair, and fraudulent;

3.   For an order preliminarily and permanently enjoining Defendant DT CREDIT COMPANY, LLC from engaging in the practices challenged herein;

4.   For an order of restitution in an amount to be determined at trial to restore to all affected borrowers in interest, all money acquired by Defendant DT CREDIT COMPANY, LLC by means of their unlawful, unfair, and fraudulent practices, which amount is at least equal to all sums collected for alleged deficiency balances following the disposition of repossessed motor vehicles;

5.     For an order that Defendant DT CREDIT COMPANY, LLC shall send a letter to each of the credit reporting agencies instructing them to delete all references to the trade lines of class members, including any reference to repossessions, deficiency balances allegedly owed, and/or charge-offs of such balances;

6.     For such compensatory damages in an amount to be determined at trial, which amount is at least equal to all sums paid by Plaintiffs and members of the class for alleged deficiency balances following the disposition of repossessed motor vehicles;

7.     For prejudgment interest to the extent permitted by law;

8.     For an award of attorneys' fees, costs, and expenses pursuant to Civil Code §2983.4, Code of Civil Procedure §1021.5; and any other applicable provisions of law;

9.     For declaratory relief; and

10.     For such other and further relief as the Court may deem just and proper.

Dated: July 16, 2013                              KEMNITZER, BARRON & KRIEG, LLP

By: _____
KRISTIN KEMNITZER

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 16, 2013                    KEMNITZER, BARRON & KRIEG, LLP

By: _____
     KRISTIN KEMNITZER

**SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT**   REPRINT DATE: 2/07/2008   SALES DATE: 2/07/2008

| Buyer (and Co-Buyer, if any) Name and Address | Dealer/Creditor Name and Address |
|---|---|
| LATOYA C MCCALEB<br>GLORIA W JAMES<br>7901 S 8TH AVE<br>INGLEWOOD, CA 90305-1334<br>323-751-1425 | DRIVETIME<br>18313 HAWTHORNE BLVD.<br>TORRANCE, CA 90504<br>310-793-1666<br><br>101015282501 |

You, the Buyer (and Co-Buyer, if any), may buy the motor vehicle described below (the "Vehicle") for cash or on credit. The cash price is shown below as "Cash Price". By signing below, you represent that you have been quoted only one cash price for the Vehicle. The credit price is shown below as "Total Sale Price". By signing this Contract, you choose to buy the Vehicle on credit as described in this Contract. "We", "us" and "our" refer to the Dealer shown above, and, after assignment of this Contract, to DT Acceptance Corporation.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2006 CHEVROLET | IMPALA 3.5L V6 | 2G1WB58K469198144 | [X] Personal ☐ Agricultural<br>☐ Business |

| Trade-In: | Year | Make | Model |
|---|---|---|---|
| | | | |

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid when you have made all scheduled payments | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of<br>$ 3,000.00 |
|---|---|---|---|---|
| 15.867 % | $ 6,611.40 | $ 16,465.35 | $ 23,076.75 | $ 26,076.75 |

#### Payment Schedule

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| 116 | $ 197.25 | Bi-Weekly Beginning   02/23/2008 |
| 1 Final Payment | $ 195.75 | 08/04/2012 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is five percent (5%) of the late amount.
**Security Interest:** You are giving us a security interest in the Vehicle being purchased.
Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.
**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

| THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION<br>California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2 day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details. | YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT. YOU ALSO ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF ALL PAGES OF THE CONTRACT AT THE TIME YOU SIGN IT. |
|---|---|

Retail Sales Contract   Retail Sales Contract

Buyer Signs _____   Co-Buyer Signs _____

By signing below, the Dealer/Creditor accepts this Contract.

Dealer Creditor: DriveTime   By: _____   Title: _____

ACARC1V05 (10/28/07)   101015282501   EXHIBIT A   Page 1 of 5

**ITEMIZATION OF THE AMOUNT FINANCED**

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories
      (1)   Cash Price Vehicle        $  17,482.53
      (2)   Cash Price Accessories    $    N/A                          $   17,482.53  (A)
   B. Document Preparation Fee (not a government fee)
   C. Smog Fee Paid to Seller                                          $      55.00   (B)
   D. Sales Tax (on A + B + C)                                         $      29.75   (C)
   E. Optional DMV Electronic Filing Fee*                              $   1,712.82   (D)
   F. Service contract (optional)*                                     $     N/A      (E)
   G. Prior Credit or Lease Balance paid by Seller to   N/A            $     N/A      (F)
         (see downpayment and trade-in calculation)                    $     N/A      (G)
   H. Other (to whom paid)*
         For Optional Debt Cancellation Agreement*                     $     N/A      (H)
   I. Other (to whom paid)*
         For
   J. Used Vehicle Contract Cancellation Option Agreement              $     .00      (J)
      Total Cash Price (A through J)                                   $   19,280.10  (1)
2. **Amounts Paid to Public Officials**
   A.   License Fees                                                   $      15.00   (A)
   B.   Registration/Transfer/Titling Fees                             $     162.00   (B)
   C.   California Tire Fees*                                          $     N/A      (C)
   D.   Other    N/A                                                   $     N/A      (D)
      Total Official Fees (A through D)                                $     177.00   (2)
3. **Amount Paid to Insurance Companies (Total Premiums)**            $     N/A      (3)
4. **Smog Certification Fee Paid to State**                           $      8.25    (4)
5. **Subtotal (1 through 4)**                                         $   19,465.35  (5)
6. **Total Down Payment**
   A.   Gross Trade-In Allowance Yr          Make
   Model          Odom          VIN                                    $     .00      (A)
   B.   Less Prior Credit or Lease Balance                             $     .00      (B)
   C.   Net Trade-In (A Less B) (indicate if a negative number)        $     .00      (C)
   D.   Deferred Downpayment                                           $     N/A      (D)
   E.   Manufacturer's Rebate                                          $     N/A      (E)
   F.   Other          N/A                                             $     N/A      (F)
   G.   Cash                                                           $   3,000.00   (G)
      Total Downpayment (C through G)                                  $   3,000.00   (6)
      (If negative, enter zero for Total Downpayment and enter the amount less than zero as a positive number in 1G above)
7. **Amount Financed (5 less 6)**                                     $   16,465.35  (7)
      *Seller may receive or retain part of these amounts.

You agree to pay a finance charge on the Amount Financed at the Annual Percentage Rate shown on page 1. This rate is referred to in this Contract as the Contract Rate.

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
   WARNING:
   YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
   FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
   THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S  x Retail Sales Contract          Retail Sales Contract

If you have a complaint concerning this sale, you should try to resolve it with the seller. Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or any investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Retail Sales Contract          Retail Sales Contract
**Buyer Signs**                     **Co-Buyer Signs**

## OPTIONAL DEBT CANCELLATION AGREEMENT

**Optional Debt Cancellation Agreement:** An Optional Debt Cancellation Agreement is not required to obtain credit, and will not be provided unless you agree and pay the cost as shown in item 1.H. on page 2 of this Contract. This Agreement is our promise to waive the deficiency amount, if any, between the Contract balance and the insurance proceeds from your physical damage insurance coverage in the event of a total loss of the vehicle, as defined in the Agreement. You may still be liable for past due payments, late charges, the deductible under your insurance coverage. The Agreement provides the details of the coverage, including the administrator of this coverage. You want the Optional Debt Cancellation Agreement.

Term: _____ Mos. _____

xRetail Sales Contract              xRetail Sales Contract

Buyer Signs                        Co-Buyer Signs

## NOTICES REQUIRED BY FEDERAL LAW

Used motor vehicle buyers guide. If you are buying a used vehicle with this Contract, federal regulations may require a special buyers guide to be displayed on the window of the vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

**Payments:** You jointly and severally agree to make all payments when they are due according to the Payment Schedule shown in the Federal Truth in Lending Disclosure Box on the first page of this Contract. You may prepay this Contract at any time without penalty. Interest will accrue on any amounts remaining unpaid after maturity at the Annual Percentage Rate disclosed in the Federal Truth in Lending Disclosure Box on the first page of this Contract.

**Security Interest:** To secure your obligations, you give us a security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent. We reserve our right of setoff (we can apply funds we owe you to what you owe us under the Contract) to the extent not prohibited by applicable law.

**Finance Charges:** This is a simple interest Contract. The Finance Charges you pay will depend on how you make your payments. Your actual Finance Charges may be more than the disclosed Finance Charges if you make your payments late or in less than the scheduled amount. We will apply payments to late charges, Finance Charges and to the unpaid balance of the cash price and other charges in any manner we choose unless we are required by law to apply payments in a particular order. Finance Charges are earned by applying the Contract Rate to the unpaid Balance of Cash Price and Other Charges for the time such balance is owed. The Dealer may receive a portion of the Finance Charges.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You must keep the Vehicle in your possession at the Buyer's address shown above, unless we approve another address in writing. You may not sell or rent the Vehicle. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose. This provision does not affect any warranties covering the vehicle or parts thereof that the vehicle manufacturer or parts supplier may provide. Only the manufacturer or supplier shall be liable for performance under their warranties. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name acceptable to us. **You may obtain insurance on the vehicle from a person of your choice that is authorized to sell such insurance and is acceptable to us.** You will maintain comprehensive fire, theft and collision coverage, insuring the Vehicle for at least the Vehicle's fair market value. You will name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance. If you do not maintain the required insurance you will be in default. We may buy substantially similar coverage at your expense. We will add the cost of such insurance to your obligations due under this Contract and/or collect those costs separately from you. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Contract Rate, if we elect to apply a finance charge. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. **Insurance we buy may cost substantially more than insurance you buy.** We will cancel the insurance we buy if you give us satisfactory proof of insurance. **Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.**

ACAR03V06 (10/28/07)                101015282501                      Page 3 of 5

30

**Late Charges and Returned Checks.** The charge for late payments is shown in the Federal Truth in Lending Disclosure Box on the first page of this Contract. You must also pay any cost we pay to collect any late payment, as allowed by law. When we accept a late payment or late charge, that does not excuse your default or mean that you can keep making payments late. You agree to pay the charge of $15 for any check, draft or negotiated order of withdrawal you give us that is returned for any reason.

**Default:** You will be in default if you do not make any payment in full when such payment is due. You will be in default if you gave false or misleading information on your application relating to this Contract. You will be in default if you file a bankruptcy petition or if one is filed against you. You will be in default if the Vehicle is lost, **damaged beyond repair, or destroyed.** You will be in default if you do not keep any other agreement in this Contract.

If you are in default, we may require you to pay at once the unpaid Balance of Cash Price and Other Charges, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract (the "entire unpaid balance"). If as a consequence of your default we require that you pay the entire unpaid balance, we will charge you interest at the Contract Rate or, if the Contract Rate is zero, at the highest rate authorized by applicable law on the entire unpaid balance from the date of our notice to you demanding payment of the entire unpaid balance. Additionally, we may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If you do not claim them within the time required by law, we will dispose of them in a commercially reasonable manner. We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. You agree to pay any attorneys' fees and collection costs we incur at any time in collecting amounts you owe under this Contract, including during any bankruptcy proceedings or upon any appeal.

If we take back the Vehicle, we will sell it unless you exercise any right to cure or redeem the Vehicle that you may have under state law. The sale proceeds, less amounts we pay to take back the Vehicle, hold it, prepare it for sale, and sell it, and less our attorneys' fees and legal costs if permitted by law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, you will pay what is still owed (the deficiency) to us. If we repossess the Vehicle, you may be required to pay our actual costs of taking and storing the Vehicle, to the extent such charges are permitted by law.

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). You also expressly waive presentment, notice of dishonor, protest and notice of protest.

**Assignment:** You may not assign your rights in the Vehicle or under this Contract without our permission. We may sell or assign our rights in this Contract without your permission. We may sell or assign this Contract for an amount that is more than or less than the Balance of Cash Price and Other Charges.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Dealer's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good. You promise you have given a true payoff amount on any vehicle traded in. If that payoff is more than the amount shown in 6.B in the Itemization of the Amount Financed on the 2nd page of this Contract, you must pay us the excess upon demand. We are not liable for any failure or delay in delivering the vehicle to you if it is beyond our control, not our fault or we are not negligent.

**Waiver of California Vehicle Code Section 1808.21.** You waive the provisions of California Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**After-Sale Review and Verification Process.** The Vehicle is sold to you subject to an after-sale review and verification of the information you have provided to us. You have agreed to cooperate with the after-sale review and verification process. If we cannot verify the information you have provided to us, or any information you provided to us is false, there is a material adverse change in such information during the review process, or you do not cooperate in the verification and review process, you will be in default under the terms of the Contract.

**Trade-In Representation and Warranty:** You represent and warrant that your trade-in vehicle is not a titled salvage, flood, taxi, police or rebuilt vehicle; the odometer has not been replaced, repaired, changed or rolled back; all emission control equipment is on the trade-in and is working; you will provide to us the Certificate of Title (or documents that allow us to obtain ), and, you have the right to sell the trade-in.

**Odometer (mileage):** You understand that our representation regarding odometer readings, and we understand our representation about odometer readings, are subject to information provided by others, including government agencies, and such information is not always accurate; and, to the extent allowed by applicable law, neither of us is responsible for any inaccuracies in such information that are not our fault.

**Disclosure on Airbags:** We disclaim any knowledge of, and make no representation or warranty as to the condition or operability of the airbag(s) on the Vehicle unless otherwise disclosed to you on the AutoCheck Vehicle History Report. You acknowledge that we have not made any representations, oral or in writing, as to the condition or operability of the airbag(s), and you accept the Vehicle without representation or warranty from Us. You further acknowledge that you had the opportunity to have the airbag(s) checked by someone of your choice prior to the completion of the sale.

**Monitoring/Recording:** We may monitor or record our dealings with you, including telephone conversations, for customer satisfaction and quality of service purposes. You agree that we may do so and that any affiliate or any party who services this contract may do so.

**References/Credit Reports:** We may contact your employer or your references to verify the information you provided to us in your application or in connection with this Contract. We may also contact your employer or your references if we are unable to locate you. The servicer of this Contract may also do so. Federal or state law may limit these contacts. You also consent to us or a servicer obtaining a credit report(s) in connection with the servicing of the Contract.

Liability Insurance Required: **You understand that state law requires you to purchase and maintain liability insurance. We do not provide liability insurance for you and it is not included in this Contract.**

**Record Retention: You agree that we may maintain documents and records related to the Vehicle and the Contract electronically, including, but not limited to, documents and record images, and that we may dispose of original documents. You agree that a copy of any such electronic records may be used and shall be deemed to be the same as an original in any arbitration, judicial or non-judicial or regulatory proceeding relating to the Vehicle.**

**Electronic Communications:** If you wish to communicate electronically (for example, by email) we will do so. However, electronic communications and the information in them may be intercepted and/or used by someone else. Many forms of electronic communication, such as email, may not be protected. If that happens, we will assist one another in resolving any problems. We are not liable to you if this happens.

**30-Day Contract Rate Buy Down:** If you are current on your payments or bring the contract current, and you have not given us any insufficient funds checks, and you are not in default of this Contract, you have the option of making an additional payment on or before thirty (30) days after your execution, of this Contract. A portion of this payment will be applied to any accrued and unpaid finance charges at the time of the payment and the remainder will be applied to reduce your principal balance. Depending upon the amount of the additional payment the Contract Rate under your Contract also will be reduced. The additional payment is not in lieu of any other payment shown in your payment schedule including irregular payments. This additional payment is completely optional; you are not required to make this payment. The following chart shows how much you can reduce your Contract Rate depending upon the amount of this additional payment. At the time of the additional payment, we can change the amount of your regular payments and/or your term. We will discuss your options with you at that time.

| | | | |
|---|---|---|---|
| With an additional payment of $ | 500.00 | you will receive a Contract rate of | 15.211 |
| With an additional payment of $ | 1,000.00 | you will receive a Contract rate of | 14.486 |
| With an additional payment of $ | 1,500.00 | you will receive a Contract rate of | 13.544 |
| With an additional payment of $ | 2,000.00 | you will receive a Contract rate of | 12.804 |
| With an additional payment of $ | 2,500.00 | you will receive a Contract rate of | 12.233 |
| With an additional payment of $ | | you will receive a Contract rate of | |
| With an additional payment of $ | | you will receive a Contract rate of | |
| With an additional payment of $ | | you will receive a Contract rate of | |

**Assignment of Dealer.** For value received, Dealer hereby transfers and assigns to DT ACCEPTANCE CORPORATION ("Assignee") all of its right, title, and interest in this Contract and the Vehicle. This transfer and assignment is made pursuant to and is subject to any Agreement between Dealer and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Dealer.

DT Credit Company, LLC
PO Box 29018
Phoenix, AZ 85038

800-965-8029

LATOYA MCCALEB
GLORIA JAMES
7901 S 8TH AVE
INGLEWOOD CA  90305-1334

1V-183 - 2

# REDEMPTION and REINSTATEMENT FORM

| DATE OF NOTICE 04/10/2013 | DATE OF REPOSSESSION 04/08/2013 |
|---|---|
| ACCOUNT NUMBER: 101015282501 | DATE OF CONTRACT: 02/07/2008 |
| BUYER: LATOYA MCCALEB | CO-BUYER AND/OR GUARANTOR: GLORIA JAMES |
| TELEPHONE:  (0)- | |

### DESCRIPTION OF VEHICLE

| ☐ NEW ☒ USED | YEAR: 2006 | MAKE: CHEVROLET | MODEL: IMPALA 3.5L V6 |
|---|---|---|---|
| VEHICLE IDENTIFICATION NUMBER:   2G1WB58K469198144 | | | |

## NOTICE OF INTENT TO DISPOSE OF REPOSSESSED OR SURRENDERED MOTOR VEHICLE

| [X] We have repossessed your vehicle | ☐ You have voluntarily turned in your vehicle to us |
|---|---|

### YOU ARE IN DEFAULT UNDER YOUR CONTRACT AS FOLLOWS:

☒ You have failed to make payment as required ☐ You have failed to obtain/maintain required insurance  ☐ Other: _____

## HOW TO GET YOUR VEHICLE BACK:

☒ You or any other person liable on the contract may REDEEM the vehicle by paying us the TOTAL AMOUNT shown under "TO REDEEM" below before the vehicle is sold or contracted to be sold.

☒ Upon payment of the total amount described under "TO REINSTATE" below you can restore the contract and pay future monthly payments as they become due.

You may not cure the default and reinstate the contract because:

☐ The contract has, prior to the above described default, been reinstated once before within the last 12 months
☐ The contract has, prior to the above described default, been reinstated twice during the term of the contract
☐ Other (Specify)

### TO REDEEM

To REDEEM your vehicle you must pay the amount shown below, in certified funds within 20 days from the date of the mailing of this notice.  You may obtain an additional 10 day extension to this time and the sale date if you make a written request personally served or sent by certified or registered mail, return receipt requested, to our office shown above before the expiration of the initial redemption period.  The form to complete for this request is included with this mailing.

| | |
|---|---|
| Unpaid Contract Balance | $3511.32 |
| Delinquency and collection charges | $213.88 |
| Expenses of retaking the vehicle | $425.00 |
| Expenses of recovering the vehicle | $0.00 |
| Expenses of our repairing or storing the vehicle | $0.00 |
| Other (Specify) | $0.00 |
| SUB TOTAL | $4150.20 |
| Less: Estimated credit for cancelled insurance | $0.00 |
| Less: Unearned finance charges | $0.00 |
| Subtract SUB TOTAL | $0.00 |
| TOTAL AMOUNT REQUIRED TO REDEEM THE VEHICLE | $4150.20 |

Your vehicle is stored at the following location:
MANHEIM SOUTHERN CALIFORNIA 10700 BEECH, FONTANA 92337 (909)822-2261

### TO REINSTATE

To REINSTATE your vehicle you must pay the amount shown below, in certified funds within 20 days from the date of the mailing of this notice. You may obtain an additional 10 day extension to this time and the sale date if you make a written request personally served or sent by certified or registered mail, return receipt requested, to our office shown above before the expiration of the initial redemption period.  The form to complete for this request is included with this mailing.

☒ Pay the following amount (in certified funds only)

| | |
|---|---|
| Total installment(s) past due | $3511.32 |
| Delinquency and collection charges | $213.88 |
| Expenses of retaking the vehicle | $425.00 |
| Expenses of recovering the vehicle | $0.00 |
| Expenses of our repairing or storing the vehicle | $0.00 |
| TOTAL AMOUNT REQUIRED TO REINSTATE VEHICLE | $4150.20 |

(The total amount due to redeem or reinstate your account is the only amount you are required to pay to redeem or reinstate your account. Any regularly scheduled installments that you have not paid are still owed by you to DT CREDIT COMPANY, LLC but you are not required to pay them to reinstate or redeem your account.

In addition to the redemption/reinstatement requirements above, under California Government Code Section 26751, a $15 fee must be paid to the agency where the report of repossession was filed before the vehicle will be released to you.  YOU WILL NOT BE RESPONSIBLE FOR THIS PAYMENT. DT CREDIT COMPANY, LLC  WILL PAY THIS $15 FEE ON YOUR BEHALF.)

☒ Furnish proof of required insurance with loss payable endorsement to DT Credit Company, LLC at its address shown above.

If your vehicle was REDEEMED or, if entitled, the contract is REINSTATED, it can be reclaimed at this address.
NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND OTHER AMOUNTS DUE.

SEE REVERSE PAGE FOR IMPORTANT INFORMATION

NOI-CA.Pg 1.8/1/06

EXHIBIT B

RC004

1V

**NOTICE OF SALE:** The vehicle described above will be sold at private sale at any time after 20 (twenty) days after the date of the mailing of this notice unless the vehicle has been REDEEMED or the contract has been REINSTATED or there has been an extension of the time to REDEEM OR REINSTATE as requested by you and received by us before the expiration of the initial redemption and reinstatement periods. If you REDEEM the vehicle, we will have no further claim on it. However, the longer you wait, the more costs (including repairs) you may have to pay.

If the vehicle is sold at private sale at the expiration of the periods noted above, we will, upon written request, furnish you a written accounting regarding the disposition of the sale within 45 days of your request, provided the request is received within one (1) year of the date of the disposition. The request for accounting must be personally served or sent by first-class mail, postage prepaid, or certified mail, return receipt requested, to us at the address set forth above.

If there is any money remaining after disposition, it must be paid to you, together with an accounting covering the disposition of the sale. We will send the money and accounting to you within 45 days after sale.

**REMAINING DEBT:** The sale price might not cover your debt and expenses. If that happens, you will owe us the difference at the contract rate of interest. Interest will accrue on this amount from the date of the disposition of the vehicle to the date of entry of judgment.

**INSURANCE RIGHTS:** If you do not wish to get your vehicle back, call the insurance company to ensure that any insurance has been cancelled. You have the right to receive any credit remaining from premiums paid.

**PERSONAL PROPERTY:** Except as otherwise provided by applicable law, we will dispose of any personal property contained in the vehicle unless it is reclaimed within 30 days from the date of this notice.

**QUESTIONS AND PAYMENTS:**
Please direct any questions concerning this notice to Recovery Manager at 800-965-8029. If you wish to make a payment or wish to contact us in writing, please send payment to or contact us at the address which appears on the front page of this notice.

## BANKRUPTCY DISCLAIMER:
If this loan is included in Bankruptcy, please disregard any references to debt collection. This is NOT an attempt to collect a debt, this letter is for informational purposes only.

101015282501
LATOYA MCCALEB

NOI-CA.Pg 2.8/1/06

RC004

1V

DT Credit Company, LLC
PO Box 29018
Phoenix, AZ 85038

800-965-8029

LATOYA MCCALEB        1V-183 - 2
GLORIA JAMES
7901 S 8TH AVE
INGLEWOOD CA  90305-1334

# REDEMPTION and REINSTATEMENT FORM

| DATE OF NOTICE 04/10/2013 | DATE OF REPOSSESSION 04/08/2013 |
| --- | --- |
| ACCOUNT NUMBER: 101015282501 | DATE OF CONTRACT: 02/07/2008 |
| BUYER: LATOYA MCCALEB | CO-BUYER AND/OR GUARANTOR: GLORIA JAMES |
| TELEPHONE: (0)- | |

| DESCRIPTION OF VEHICLE | | | |
| --- | --- | --- | --- |
| ☐ NEW ☒ USED | YEAR: 2006 | MAKE: CHEVROLET | MODEL: IMPALA 3.5L V6 |
| VEHICLE IDENTIFICATION NUMBER:   2G1WB58K459198144 | | | |

## NOTICE OF INTENT TO DISPOSE OF REPOSSESSED OR SURRENDERED MOTOR VEHICLE

[X] We have repossessed your vehicle        [ ] You have voluntarily turned in your vehicle to us

### YOU ARE IN DEFAULT UNDER YOUR CONTRACT AS FOLLOWS:

☒ You have failed to make payment as required  ☐ You have failed to obtain/maintain required insurance  ☐ Other: _____

## HOW TO GET YOUR VEHICLE BACK:

■ You or any other person liable on the contract may REDEEM the vehicle by paying us the TOTAL AMOUNT shown under "TO REDEEM" below before the vehicle is sold or contracted to be sold.

■ Upon payment of the total amount described under "TO REINSTATE" below you can restore the contract and pay future monthly payments as they become due.

You may not cure the default and reinstate the contract because:

☐ The contract has, prior to the above described default, been reinstated once before within the last 12 months
☐ The contract has, prior to the above described default, been reinstated twice during the term of the contract
☐ Other (Specify) _____

### TO REDEEM

(a)(3); (a)(5)

To REDEEM your vehicle you must pay the amount shown below, in certified funds within 20 days from the date of the mailing of this notice.  You may obtain an additional 10 day extension to this time and the sale date if you make a written request personally served or sent by registered mail, return receipt requested, to our office shown above before the expiration of the initial redemption period. The form to complete for this request is included with this mailing.

(a)(1)

| | |
| --- | --- |
| Unpaid Contract Balance | $3511.32 |
| Delinquency and collection charges | $213.88 |
| Expenses of retaking the vehicle | $425.00 |
| Expenses of recovering the vehicle | $0.00 |
| Expenses of our repairing or storing the vehicle | $0.00 |
| Other (Specify) | $0.00 |
| SUB TOTAL | $4150.20 |
| Less: Estimated credit for cancelled insurance | $0.00 |
| Less: Unearned finance charges | $0.00 |
| Subtract SUB TOTAL | $0.00 |
| TOTAL AMOUNT REQUIRED TO REDEEM THE VEHICLE | $4150.20 |

Your vehicle is stored at the following location:
MANHEIM SOUTHERN CALIFORNIA 10700 BEECH, FONTANA 92337 (909)822-2261

If your vehicle was REDEEMED or, if entitled, the contract is REINSTATED, it can be reclaimed at this address.
NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND OTHER AMOUNTS DUE.

SEE REVERSE PAGE FOR IMPORTANT INFORMATION

### TO REINSTATE

(a)(3); (a)(5)

To REINSTATE your vehicle you must pay the amount shown below, in certified funds within 20 days from the date of the mailing of this notice. You may obtain an additional 10 day extension to this time and the sale date if you make a written request personally served or sent by certified or registered mail, return receipt requested, to our office shown above before the expiration of the initial redemption period. The form to complete for this request is included with this mailing.

■ Pay the following amount (in certified funds only)

(a)(2)

| | |
| --- | --- |
| Total installment(s) past due | $3511.32 |
| Delinquency and collection charges | $213.88 |
| Expenses of retaking the vehicle | $425.00 |
| Expenses of recovering the vehicle | $0.00 |
| Expenses of our repairing or storing the vehicle | $0.00 |
| TOTAL AMOUNT REQUIRED TO REINSTATE VEHICLE | $4150.20 |

(The total amount due to redeem or reinstate your account is the only amount you are required to pay to redeem or reinstate your account. Any regularly scheduled installments that you have not paid are still owed by you to DT CREDIT COMPANY, LLC but you are not required to pay them to reinstate or redeem your account.

In addition to the redemption/reinstatement requirements above, under California Government Code Section 26751, a $15 fee must be paid to the agency where the report of repossession was filed before the vehicle will be released to you. YOU WILL NOT BE RESPONSIBLE FOR THIS PAYMENT. DT CREDIT COMPANY, LLC WILL PAY THIS $15 FEE ON YOUR BEHALF.)

■ Furnish proof of required insurance with loss payable endorsement to DT Credit Company, LLC at its address shown above.

2983.3(d)(3)

NOI-CA.Pg 1.8/1/06

EXHIBIT C

RC004

1V

**NOTICE OF SALE:** The vehicle described above will be sold at private sale at any time after 20 (twenty) days after the date of the mailing of this notice unless the vehicle has been REDEEMED or the contract has been REINSTATED or there has been an extension of the time to REDEEM OR REINSTATE as requested by you and received by us before the expiration of the initial redemption and reinstatement periods. If you REDEEM the vehicle, we will have no further claim on it. However, the longer you wait, the more costs (including repairs) you may have to pay.

(a)(1), (a)(2)

If the vehicle is sold at private sale at the expiration of the periods noted above, we will, upon written request, furnish you a written accounting regarding the disposition of the sale within 45 days of your request, provided the request is received within one (1) year of the date of the disposition. The request for accounting must be personally served or sent by first-, class mail, postage prepaid, or certified mail, return receipt requested, to us at the address set forth above.

If there is any money remaining after disposition, it must be paid to you, together with an accounting covering the disposition of the sale. We will send the money and accounting to you within 45 days after sale.

**REMAINING DEBT:** The sale price might not cover your debt and expenses. If that happens, you will owe us the difference at the contract rate of interest. Interest will accrue on this amount from the date of the disposition of the vehicle to the date of entry of judgment.

**INSURANCE RIGHTS:** If you do not wish to get your vehicle back, call the insurance company to ensure that any insurance has been cancelled. You have the right to receive any credit remaining from premiums paid.

**PERSONAL PROPERTY:** Except as otherwise provided by applicable law, we will dispose of any personal property contained in the vehicle unless it is reclaimed within 30 days from the date of this notice.

**QUESTIONS AND PAYMENTS:**
Please direct any questions concerning this notice to Recovery Manager at 800-965-8029. If you wish to make a payment or wish to contact us in writing, please send payment to or contact us at the address which appears on the front page of this notice.

**BANKRUPTCY DISCLAIMER:**
If this loan is included in Bankruptcy, please disregard any references to debt collection. This is NOT an attempt to collect a debt, this letter is for informational purposes only.

101015282501
LATOYA MCCALEB

NOI-CA.Pg 2.8/1/06

RC004

1V

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*<br>Bryan Kemnitzer  Bar No. 066401<br>Kristin Kemnitzer  Bar No. 278946<br>KEMNITZER, BARRON & KRIEG, LLP<br>445 Bush Street, 6th Floor<br>San Francisco, CA  94108<br>TELEPHONE NO.: (415) 632-1900  FAX NO.: (415) 632-1901<br>ATTORNEY FOR *(Name):* LaToya McCaleb and Gloria James | **FOR COURT USE ONLY**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUL 22 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY Cristina Grijalva, Deputy<br>Cristina Grijalva |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: P.O. Box 1511
CITY AND ZIP CODE: Los Angeles, CA  90053
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:  McCALEB v. DT CREDIT COMPANY

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| X Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC515861**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
X Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case  X  is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. X Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. X monetary b. X nonmonetary; declaratory or injunctive relief c. X punitive
4. Number of causes of action *(specify):* 2
5. This case  X  is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 19, 2013
Kristin Kemnitzer
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

*By Fax*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Page 2 of 2

| SHORT TITLE: McCALEB v. DT CREDIT COMPANY | CASE NUMBER BC515861 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | A6070  Asbestos Property Damage | 2. |
| | | A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

By Fax

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

39

SHORT TITLE: McCALEB v. DT CREDIT COMPANY     CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

40

| SHORT TITLE: McCALEB v. DT-CREDIT COMPANY | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: McCALEB v. DT CREDIT COMPANY | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 7901 S. 8th Ave. |
|---|---|
| X.1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Inglewood | STATE: CA | ZIP CODE: 90305 |
|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: July 19, 2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

Kristin Kemnitzer

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

42

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** DT CREDIT COMPANY, LLC; and DOES
*(AVISO AL DEMANDADO):* 1 through 50, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUL 22 2013**

John A. Clarke, Executive Officer/Clerk

BY _Cristina Grijalva_ Deputy
Cristina Grijalva

**YOU ARE BEING SUED BY PLAINTIFF:** LaTOYA McCALEB and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* GLORIA JAMES,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES COUNTY SUPERIOR COURT<br>111 N. Hill St.<br>P.O. Box 1511<br>Los Angeles, CA 90053 | CASE NUMBER:<br>*(Número del Caso):* **BC 515861** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan Kemnitzer  Bar No. 066401          (415) 632-1900  (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
445 Bush St., 6th Floor
San Francisco, CA 94108

DATE:  **JUL 22 2013**   John A. Clarke  Clerk, by _Cristina Grijalva_ , Deputy
*(Fecha)*                                    *(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
® Plus

Code of Civil Procedure §§ 412.20, 465

43

1   KEMNITZER, BARRON & KRIEG, LLP
2   BRYAN KEMNITZER    Bar No. 066401
    KRISTIN KEMNITZER   Bar No. 278946
3   445 Bush St., 6th Floor
    San Francisco, CA 94108
4   Telephone: (415) 632-1900
5   Facsimile: (415) 632-1901
    bryan@kbklegal.com
6   kristin@kbklegal.com

7   Attorneys for Plaintiffs LaTOYA McCALEB and GLORIA JAMES and the proposed class

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 22 2013

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Cristina Grijalva

8

9

10

11              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          IN AND FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

13

14   LaTOYA McCALEB and GLORIA JAMES,      Case No.    **BC515861**

15                        Plaintiffs         CLASS ACTION

16            vs.                            **DECLARATION REGARDING VENUE**

17   DT CREDIT COMPANY, LLC; and DOES 1      Unlimited Civil Case
     through 50, inclusive,
18                                                          **By Fax**

19                        Defendants.

20          I, KRISTIN KEMNITZER, declare:

21          1.    I am an attorney duly licensed to practice law in all of the courts of the State of

22   California, including the court in which this action is pending.  I am an attorney in the law firm

23   KEMNITZER, BARRON & KRIEG, LLP, attorneys for Plaintiffs in this lawsuit.

24          2.    I have personal knowledge of the facts stated herein and am competent to testify thereto.

25          3.    We have selected venue in Los Angeles County because all or some portion of Plaintiffs'

26   claims arose in Los Angeles County.  Defendant DT CREDIT COMPANY, LLC conducts

27

28

business in Los Angeles County. DT CREDIT COMPANY, LLC has not designated with the California Secretary of State a principal place of business within the State of California pursuant to Corporations Code §2105(a)(3). Accordingly, Defendant DT CREDIT COMPANY, LLC can be sued in any county in the state of California, including Los Angeles County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration is executed on July 19, 2013, at San Francisco, California.

KRISTIN KEMNITZER

KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER          Bar No. 066401
KRISTIN KEMNITZER        Bar No. 278946
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901
Attorneys for Plaintiffs LaTOYA McCALEB and GLORIA JAMES and the proposed class

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

| | |
|---|---|
| LaTOYA McCALEB and GLORIA JAMES, | Case No. BC515861 |
| Plaintiffs | CLASS ACTION |
| vs. | NOTICE OF COMPLEX DETERMINATION AND INITIAL STATUS CONFERENCE ORDERS |
| DT CREDIT COMPANY, LLC; and DOES 1 through 50, inclusive, | |
| Defendants. | Unlimited Civil Case |
| | Date: November 22, 2013 |
| | Time: 11:00 a.m. |
| | Dept.: 311 |
| | Hon. John Shepard Wiley, Jr. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

//

//

//

//

//

//

//

-1-

PLEASE TAKE NOTICE that, pursuant to the attached Complex Determination and Initial Status Conference Orders, the above referenced court has designated this case as complex and assigned the case for all purposes to Hon. John Shepard Wiley, Jr., Dept. 311, Central Civil West. The case is ordered stayed until the Initial Status Conference, which has been scheduled for **November 22, 2013** at 11:00 a.m. in Dept. 311.

Dated: August 26, 2013                    KEMNITZER, BARRON & KRIEG, LLP


By: _____
KRISTIN KEMNITZER

SCANNED

FILE COPY
8/20/13

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/20/13

DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR        JUDGE    M. CERVANTES        DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
Add On

J. O'NEAL, C.A.        Deputy Sheriff    NONE              Reporter

| BC515861 | Plaintiff Counsel | |
| LATOYA MCCALEB ET AL | | |
| VS | Defendant Counsel | |
| DT CREDIT COMPANY LLC | | NO APPEARANCES |

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
November 22, 2013, at 11:00 a.m. in Department 311.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 311

MINUTES ENTERED
08/20/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/20/13

DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR    JUDGE | M. CERVANTES    DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR
Add On

J. O'NEAL, C.A.    Deputy Sheriff | NONE    Reporter

| BC515861 | Plaintiff Counsel | |
| LATOYA MCCALEB ET AL | | |
| VS | Defendant Counsel | |
| DT CREDIT COMPANY LLC | | NO APPEARANCES |

NATURE OF PROCEEDINGS:

herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated:  August 20, 2013

John A. Clarke, Executive Officer/Clerk

By: _____
      M. Cervantes, Deputy Clerk


KEMNITZER, BARRON & KRIEG, LLP
Bryan Kemnitzer
Kristin Kemnitzer
445 Bush St., 6th Floor
San Francisco, CA 94108

MINUTES ENTERED
08/20/13
COUNTY CLERK

FILE COPY

SCANNED

ORIGINAL FILED

AUG 2 0 2013

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| LaTOYA McCALEB and GLORIA JAMES,<br><br>Plaintiff,<br><br>vs.<br><br>DT CREDIT COMPANY, LLC, et al.,<br><br>Defendants. | Case No.: BC515861<br><br>**CLASS ACTION**<br>INITIAL STATUS CONFERENCE ORDER<br><br>Case Assigned for All Purposes to<br>Judge John Shepard Wiley Jr.<br><br>Department: 311<br>Date: November 22, 2013<br>Time: 11:00 a.m. |

This case has been assigned for all purposes to Judge John Shepard Wiley Jr. in the complex Litigation Program. An Initial Status Conference is set for November 22, 2013, at 11:00 a.m. in Department 311 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status

1  Conference Class Action Response Statement five court days before the Initial Status Conference.

2  The Joint Response Statement must be filed on line-numbered pleading paper and must

3  specifically answer each of the below-numbered questions.  Do not the use the Judicial Council

4  Form CM-110 (Case Management Statement).

5       1. **PARTIES AND COUNSEL:**  Please list all presently-named class representatives and

6

7  presently-named defendants, together with all counsel of record, including counsel's contact and

8  email information.

9       2. **POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add

10  more class representatives?  If so, and if known, by what date and by what name?  Does any

11  plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what

12  name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will

13  be named.

14

15       3. **IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong

16  person or entity, please explain.

17       4. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party

18  believes one or more named plaintiffs might not be an adequate class representative, please

19  explain.  No prejudice will attach to these responses.

20       5. **ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

21       6. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list

22

23  other cases with overlapping class definitions.  Please identify the court, the short caption title, the

24  docket number, and the case status.

25       7. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

26  **WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing parties must

27  summarize their views on this issue.

28

-2-

INITIAL STATUS CONFERENCE ORDER

8. **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel are to identify and describe the significant core issues in the case.  Counsel then is to identify efficient ways to resolve those issues.  The vehicles include:

- ■ Motion to Compel Arbitration,

- ■ Early motions in limine,

- ■ Early motions about particular jury instructions and verdict forms,

- ■ Demurrers,

- ■ Motions to strike,

- ■ Motions for judgment on the pleadings, and

- ■ Motions for summary judgment and summary adjudication.

**NOTE:** Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1]  Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.

9. **CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

10. **PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

INITIAL STATUS CONFERENCE ORDER

11. **DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

12. **INSURANCE COVERAGE:**  Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

13. **ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

14. **TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[2]See Code Civ. Proc. § 437c, subd. (s)

-4-

INITIAL STATUS CONFERENCE ORDER

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

■ Case Anywhere (www.caseanywhere.com),

■ CaseHomePage (www.casehomepage.com), or

■ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**
"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed in their entirety*. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of

---

[3] California Rule of Court, Rule 3.770(a)

1  counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

2  without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

3  challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

4  to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

5  parties in managing this "complex" case through the development of an orderly schedule for

6  briefing and hearings on procedural and substantive challenges to the complaint and other issues

7

8  that may assist in the orderly management of these cases. This stay shall not preclude the parties

9  from informally exchanging documents that may assist in their initial evaluation of the issues

10  presented in this case, however shall stay all outstanding discovery requests.

11      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

12  counsel for all parties, or if counsel has not been identified, on all parties, within five days of

13  service of this order. If any defendant has not been served in this action, service is to be

14  completed within twenty days of the date of this order.

15

16

17      Dated: August 20, 2013

18

19      JOHN SHEPARD WILEY JR.

20      _____
        John Shepard Wiley Jr.
21      Judge of the Los Angeles Superior Court

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

PROOF OF SERVICE

Re:   *McCaleb v. DT Credit, et al.*
      Los Angeles County Superior Court Case No. BC515861

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 445 Bush Street, San Francisco, California 94108.

On August 26, 2013, I served the following:

**NOTICE OF COMPLEX DETERMINATION AND INITIAL STATUS CONFERENCE ORDERS**

by depositing true copies thereof, enclosed in separate, sealed envelopes, each of which was addressed respectively to the person(s) and address(es) shown below, for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with the postage thereon fully prepaid, in the United States mail at San Francisco, California.

**CSC**
**2710 Gateway Oaks Dr., Ste. 150N**
**Sacramento, CA 95833**
**Registered Agent for Defendant DT CREDIT COMPANY, LLC**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 26, 2013

Sean R. Barry

FIRST-CLASS MAIL

neopost
08/26/2013
US POSTAGE

$00.66

ZIP 94108
041L11235417

KEMNITZER, BARRON & KRIEG, LLP
ATTORNEYS AT LAW
PACIFIC STATES BUILDING
445 BUSH STREET
SIXTH FLOOR
SAN FRANCISCO, CA 94108

CSC
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

57

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Fernando M. Olguin _____ and the assigned Magistrate Judge is _____ Jacqueline Chooljian _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-6444-FMO (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ September 3, 2013 _____
Date

By  MDAVIS _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

LaToya McCaleb and Gloria James

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

DT Credit Company, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bryan Kemnitzer & Kristin Kemnitzer
Kemnitzer, Barron & Krieg, LLP
445 Bush St., 6th Floor
San Francisco, CA 94108  (415) 632-1900

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joshua G. Hamilton & Timothy D. Reynolds
Paul Hastings LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071 (213) 683-6216

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ exceeds $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C Sections 1332, 1441, and 1446 and the Class Action Fairness Act of 2005 ("CAFA"), Publ. L. 109-2, 119 Stat. 4 (2005). Complaint for damages, injunctive relief and restitution for alleged violations of California Civil Code Section 2981 et seq. and Business and Professions Code section 17200 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-06444

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Judy D. Rubin_   DATE: September 3, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |